# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LEONARD TAYLOR, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| RICHARD ADAMS & | ) | |
| ANN PRECYTHE, | ) | **Execution is Scheduled For** |
| | ) | **February 7, 2023** |
| Defendants. | ) | **@ 6:00 p.m.** |

## MOTION FOR PRELIMINARY INJUNCTION –
## STAY OF EXECUTION

COMES NOW Plaintiff Leonard Taylor, by and through counsel, Kent Gipson and Kevin Schriener, and move this Honorable Court to issue a preliminary and permanent injunction preventing the Missouri Department of Corrections from executing Plaintiff Taylor until his spiritual advisor Anthony Shahid is allowed to pray with Mr. Taylor in his execution chamber.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the All Writs Act, 28 U.S.C. § 1651, Plaintiff Leonard Raheem Taylor respectfully requests a preliminary injunction barring his execution until this Court has the opportunity to decide the merits of this case.

# INTRODUCTION

This civil rights action for violation of state and federal civil rights pursuant to 42 U.S.C. § 1983 arises from the State's violation of the First Amendment's Free Exercise Clause and substantial burden placed on the exercise of Plaintiff Leonard Raheem Taylor's religion in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc et seq.

The Free Exercise Clause of the First Amendment prohibits Congress from making a law prohibiting the free exercise of religion. U.S. Const. amend 1. The Free Exercise Clause is applicable to the actions of state governments. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) (holding that the Free Exercise Clause of the First Amendment is incorporated against the States by the Fourteenth Amendment).

RLUIPA  grants "expansive protection for religious liberty," affording an inmate with "greater protection" than the relevant First Amendment precedents. *Holt v. Hobbs*, 574 U.S. 352, 358, 361 (2015). The statute prohibits states from "impos[ing] a substantial burden" on an inmate's "religious exercise" unless the state shows that imposing such a burden can withstand strict scrutiny. 42 U.S.C. § 2000cc-1(a). The government must show that the burden is both: (1) in furtherance of a compelling governmental interest; and (2) the least restrictive means of

furthering that compelling governmental interest. *Id.* Under RLUIPA, "religious exercise" is defined broadly to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" 42 U.S.C. § 2000cc-5(7)(A); *see Dunn v. Smith*, 141 S. Ct. 725, 725 (2021) (Kagan, J., concurring) (requiring Alabama to allow a spiritual advisor to pray with and lay hands on inmate Willie Smith during his execution because "Smith understood his minister's presence in the execution chamber as integral to his faith and part of his spiritual search for redemption.").

In support of this Application, the Plaintiff states the following:

1. Mr. Taylor initiated this action on Tuesday, February 7, 2023. Mr. Taylor filed a Complaint under 42 U.S.C. § 1983, challenging the Defendants' State action precluding Mr. Shahid from Mr. Taylor's execution chamber violates their religious liberty under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq., as well as his right to due process under the Fourteenth Amendment

2. Plaintiff is not dilatory bring this action because Plaintiff just learned about the Defendant's denial of his rights in the evening of February 6, 2023. Counsel immediately responded to the denial. Mr. Taylor did not receive confirmation of the denial until this morning, February 7, 2023. Plaintiff filed the instant action immediately.

3.  This lawsuit will likely be fact intensive. The Defendants likely will seek to preclude Mr. Shahid based on facts from the practice of his religion in his past. The parties and this Court will need to parse through those complex facts to advocate for and reach the just decision.

4.  Because it is fact intensive, it cannot be done on a truncated schedule effectively. Accordingly, an injunction is necessary to allow the litigation to proceed before Mr. Taylor's scheduled execution tonight at 6:00 p.m.

5.  The Supreme Court has established a standard for issuing injunctions in civil proceedings. First, the applicants must show they are likely to succeed on the merits. *Winter v. National Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). Second, they must show irreparable harm if the injunction is not granted. *Id*. Third, they must show the balance of the equities tip in their favor, and finally, the public interest supports the injunction. *Id*.

6.  Here, Mr. Taylor and Mr. Shahid are likely to succeed on the merits. To prove this prong, Plaintiff incorporates by reference and re-alleges his Complaint. Additionally, the Supreme Court has decided a series of cases that touch on the issue at bar. These cases essentially say that religious liberty applies in the execution chamber and that it requires the condemned' s personal clergy in that chamber performing reasonable religious rites. *See Ramirez v. Collier*, 142 S.Ct. 1264, 1277-78 (2022); *Dunn v. Smith*, 141 S.Ct. 725 (2021). Mr. Taylor and Mr.

Shahid only want Mr. Shahid to be present in the execution chamber with Mr. Taylor, to pray and be present when he dies. Based on Supreme Court precedent, religious liberty requires this much.

7. Plaintiff can easily show a likelihood of irreparable harm. Mr. Taylor will be executed on Tuesday, February 7, 2023. He will die. Nothing is more irreparable than that.

8. The Plaintiff also can show that equities tip in his favor. Courts must balance the impact of an injunction on the parties. Essentially, Mr. Taylor will die if he is executed. Mr. Taylor will never be able to vindicate his religious liberty rights in that circumstance. This concern outweighs the Defendants' interest in finality while violating the Plaintiff's rights. Mr. Taylor is not asking for Mr. Taylor's death sentence to be vacated; Mr. Taylor will be executed. The Defendants will achieve finality. The Plaintiff simply wants his religious liberty protected during that execution, whenever it occurs.

9. Finally, the public interest dictates that the Defendants be enjoined from executing Mr. Taylor. The public has an interest in protecting religious liberty as it does with other Constitutional provisions and statutes. The public will not, as discussed above, be deprived of Mr. Taylor's execution. The execution will only be delayed. Nothing in the Plaintiffs' position upsets the public interest.

10. Indeed, the Defendants could end this litigation at any moment. If Mr. Shahid is allowed into Mr. Taylor's execution chamber, allowed to pray and be present, there would be nothing to litigate.

For these reasons, the Plaintiff is entitled to injunctive relief. They ask this Honorable Court to issue an injunction until the Defendants allow Anthony Shahid into the execution chamber to pray during Plaintiff Taylor's execution.

Respectfully submitted,

*/s/ Kent E. Gipson*
KENT E. GIPSON, #34524
Law Office of Kent Gipson, LLC
121 East Gregory Boulevard
Kansas City, Missouri 64114
816-363-4400 • Fax 816-363-4300
kent.gipson@kentgipsonlaw.com

*/s/ Kevin L. Schriener*
KEVIN L. SCHRIENER, #35490
Law & Schriener, L.L.C.
141 North Meramec Ave., Suite 314
Clayton, Missouri 63105
(314) 721-7095 • Fax: (314) 863-7096
kschriener@SchrienerLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, the foregoing was sent to the Attorney General's Office via email to Mike.Spillane@ago.mo.gov.

*/s/ Kent E. Gipson*

Counsel for Plaintiff